**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
REYNALDO MATOS,                                          )
                                                         )      **AMENDED**
                                        Plaintiff,       )      **COMPLAINT**
                                                         )
        -against-                                        )
                                                         )      **JURY TRIAL DEMANDED**
THE CITY OF NEW YORK, LUIS RODRIGUEZ,  )
and JOHN and JANE DOES,                                  )      **ECF Case**
                                                         )
                                       Defendants.       )      **08 Civ. 2142 (CM)(KNF)**
--------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff REYNALDO MATOS seeks

relief for the defendants' violation of plaintiff's rights secured by the Civil Rights Act of 1871,

42 U.S.C. § 1983, by the United States Constitution, including its Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York, and by Title II of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and by the Rehabilitation

Act of 1971 ("Section 504"), 29 U.S.C. § 794.  The plaintiff seeks damages, both compensatory

and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such

other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983, 42 U.S.C. §§ 12101-

12213, and 29 U.S.C. § 794.  Jurisdiction is conferred upon this court by 42 U.S.C. § 1983 and

28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and by Title II of the Americans with Disabilities Act

("ADA"), 42 U.S.C. §§ 12101-12213, and by the Rehabilitation Act of 1971 ("Section 504"), 29

U.S.C. § 794 this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.  The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.  Plaintiff demands a trial by jury on each and every one of plaintiff's claims as pleaded herein.

## VENUE

5.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.  Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.  Plaintiff REYNALDO MATOS is a citizen and resident of the City of New York. Plaintiff is a mentally ill person, and is therefore a qualified individual with a disability under the ADA and Section 504.

8.  Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized

by law to maintain a police department which acts as its agent and for which it is ultimately
responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the
maintenance of a police department and the employment of police officers, as said risk attaches
to the public consumers of the services provided by it.  THE CITY OF NEW YORK is a public
entity for the purposes of Title II of the ADA, and is a recipient of federal monies, and therefore
subject to the requirements of Section 504.

9.    Defendants RODRIGUEZ and DOES are and were at all times relevant herein
duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW
YORK, and/or the New York City Police Department, a municipal agency of defendant THE
CITY OF NEW YORK.  Defendants RODRIGUEZ and DOES are and were at all times relevant
herein acting under color of state law in the course and scope of their duties and functions as
officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting
for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW
YORK, and were otherwise performing and engaging in conduct incidental to the performance of
their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

10.    At approximately 3:00 p.m on December 12, 2006 plaintiff REYNALDO
MATOS was detained in a holding cell in the 40th Precinct stationhouse at 257 Alexander
Avenue, Bronx, New York.

11.    Plaintiff was handcuffed behind his back in the cell.  When plaintiff complained
of breathing difficulty and chest pains and requested medical attention, defendants RODRIGUEZ
and DOES assaulted and tasered him.

3

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983**

12.　　Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

13.　　By their conduct and actions in assaulting and using excessive force upon plaintiff REYNALDO MATOS, and in failing to intercede on his behalf to protect him from unjustified and unconstitutional treatment, defendants RODRIGUEZ and DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

14.　　As a result of the foregoing, plaintiff suffered specific and serious bodily injury, psychological and emotional distress, and was otherwise damaged and injured.

**SECOND CLAIM**

**LIABILITY OF DEFENDANT THE CITY OF NEW YORK
FOR CONSTITUTIONAL VIOLATIONS**

15.　　Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

16.　　At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

17.　　At all times material to this complaint, defendant THE CITY OF NEW YORK

4

failed to properly train, screen, supervise, or discipline employees and police officers, and failed

to inform the individual defendants' supervisors of their need to train, screen, supervise or

discipline defendants RODRIGUEZ and DOES.  The policies, practices, customs, and usages

were a direct and proximate cause of the unconstitutional conduct alleged herein.

18.     As a result of the foregoing, plaintiff suffered specific and serious bodily injury,

psychological and emotional distress, and was otherwise damaged and injured.

## THIRD CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 AND 1983

19.     Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs as if fully set forth herein.

20.     By their conduct in failing to remedy the wrongs committed by defendants

RODRIGUEZ and DOES, and in failing to properly train, supervise, or discipline defendants

RODRIGUEZ and DOES, supervisory defendants DOES caused damage and injury in violation

of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution,

including its Fourth and Fourteenth Amendments.

21.     As a result of the foregoing, plaintiff suffered specific and serious bodily injury,

psychological and emotional distress, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

22.     Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs as if fully set forth herein.

23.     The conduct of defendants RODRIGUEZ and DOES, alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and/or employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

24.     As a result of the foregoing, plaintiff suffered specific and serious bodily injury, psychological and emotional distress, and was otherwise damaged and injured.

**FIFTH CLAIM**

**ASSAULT AND BATTERY**

25.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

26.     By the actions described above, defendants did inflict assault and battery upon plaintiff REYNALDO MATOS.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27.     As a result of the foregoing, plaintiff suffered specific and serious bodily injury, psychological and emotional distress, and was otherwise damaged and injured.

**SIXTH CLAIM**

**NEGLIGENCE**

28.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

29.     Defendants, jointly and severally, negligently caused injuries, emotional distress, and damage to plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

30.     As a result of the foregoing, plaintiff suffered specific and serious bodily injury, psychological and emotional distress, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATIONS OF ADA AND SECTION 504

31.     THE CITY OF NEW YORK does not have adequate policies in place concerning the use of taser devices upon mentally ill persons, and has failed to properly train officers concerning the use of such devices upon mentally ill persons.  The failure to have adequate policies and training was the cause of damage and injury to plaintiff.

32.     Defendants failed to accommodate plaintiff REYNALDO MATOS by using excessive force against him when he was suffering from a mental illness affecting his behavior, which was a condition known to defendants at the time, and defendants aggravated and exacerbated the effects of plaintiff's disability.

33.     As a result of the foregoing, plaintiff suffered specific and serious bodily injury, psychological and emotional distress, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

     a.    Compensatory damages;

     b.    Punitive damages;

7

c.  The convening and empaneling of a jury to consider the merits of the claims

herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:        New York, New York
              March 14, 2008


                                    _____/s/_____

                                    MICHAEL L. SPIEGEL, Esq.
                                    111 Broadway, Suite 1305
                                    New York, New York 10006
                                    (212) 587-8558
                                    *Attorney for Plaintiff*