UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

REYNALDO MATOS,

                       Plaintiff,

            -against-

THE CITY OF NEW YORK, LUIS RODRIGUEZ,
AND JOHN and JANE DOES,

                       Defendants.
------------------------------------------------------------------------x

**ANSWER TO AMENDED COMPLAINT**

**08CV2142 (CM) (KNF)**

**JURY TRIAL DEMANDED**

**This document has been electronically filed.**

        Defendant The City of New York (the "City" or "defendant"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

        1.    Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.    Denies the allegations set forth in paragraph 2 of the complaint, except admits that that plaintiff purports to base jurisdiction as stated therein.

        3.    Denies the allegations set forth in paragraph 3 of the complaint, except admits that that plaintiff purports to base supplemental jurisdiction as stated therein.

        4.    The allegations set forth in paragraph 4 of the complaint consists of a jury demand and therefore no response is required.

        5.    Denies the allegations set forth in paragraph 5 of the complaint, except admits that plaintiff purports to lay venue as stated therein.

---

[1] This office does not represent defendant Luis Rodriguez at this time.

6. Denies the allegations set forth in paragraph 6 of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller of the City of New York and that no monies have been paid to plaintiff.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, except denies that plaintiff is disabled under the ADA and Section 504.

8. Denies the allegations set forth in paragraph 8 of the complaint, except admits that the City is a municipal corporation organized pursuant to the laws of the State of New York and that it maintains the New York City Police Department ("NYPD") pursuant to applicable laws.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint, and admits that defendant Luis Rodriguez is employed by the City as a police officer for the NYPD.

10. Admits the allegations set forth in paragraph 10 of the complaint.

11. Denies the allegations set forth in paragraph 11 of the complaint.

12. In response to the allegations set forth in paragraph 12 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 11 inclusive of its answer, as if fully set forth herein.

13. Denies the allegations set forth in paragraph 13 of the complaint.

14. Denies the allegations set forth in paragraph 14 of the complaint.

15. In response to the allegations set forth in paragraph 15 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 14 inclusive of its answer, as if fully set forth herein.

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Denies the allegations set forth in paragraph 18 of the complaint.

19. In response to the allegations set forth in paragraph 19 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 18 inclusive of its answer, as if fully set forth herein.

20. Denies the allegations set forth in paragraph 20 of the complaint.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. In response to the allegations set forth in paragraph 22 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 21 inclusive of its answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph 23 of the complaint.

24. Denies the allegations set forth in paragraph 24 of the complaint.

25. In response to the allegations set forth in paragraph 25 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 24 inclusive of its answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies the allegations set forth in paragraph 27 of the complaint.

28. In response to the allegations set forth in paragraph 28 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 27 inclusive of its answer, as if fully set forth herein.

29. Denies the allegations set forth in paragraph 29 of the complaint.

30. Denies the allegations set forth in paragraph 30 of the complaint.

31. Denies the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 32 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

34. The complaint fails in whole or in part to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

35. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

36. Any injury allegedly sustained by plaintiff resulted from his own culpable or negligent conduct, or that of others, and was not the proximate result of any act of the City or its officers.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

37. Plaintiff has failed to comply with § 50 *et seq*. of the Municipal Law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

38. There was probable cause for plaintiffs' arrest, detention and prosecution.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE**

39. Punitive damages are not available against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

40. This action is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

41. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. This action is barred in whole or in part by the applicable limitations period.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43. Any injuries allegedly sustained by plaintiff was the result of him resisting arrest and refusing to abide with lawfully issued orders.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

44. Plaintiff is not a disabled person with the meaning of the Americans with Disabilities Act or the Rehabilitation Act.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act are barred because he has failed to exhaust his administrative remedies prior to bring suit.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff has not been excluded from any program or activity within the meaning of the Rehabilitation act.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

47. Damages are not available under the Americans with Disability Act.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 17, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 3-159
                              New York, New York 10007
                              (212) 788-8698

                              By: _____
                                     Steve Stavridis

   (By ECF)

TO:   Michael L. Spiegel, Esq.
        Attorneys for Plaintiff
        111 Broadway, Suite 1305
        New York, New York 10006
        (212) 587-8558